UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK EDWIN JENSEN,

    Plaintiff,

v.                                                                    Hon. Robert J. Jonker

UNKNOWN PARTIES #1, et al.,                         Case No. 1:23-cv-749

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Kirk Edwin Jensen, who identifies himself as a "reign citizen" "within the reign of the heavens," but resides here on Earth in the State of Illinois, initiated this action on July 13, 2023, by filing a complaint against certain Unknown Parties. Having granted Plaintiff's motion to proceed as a pauper (ECF No. 8), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Having conducted this initial review, I recommend that Plaintiff's complaint be dismissed because it fails to state a claim upon which relief can be granted and is frivolous.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Plaintiff is proceeding pro se, the Court must construe his pleading more liberally than it does for pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf" *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff's complaint fails to state a claim under the foregoing pleading standards, even with due regard for his pro se status. A cursory review of the complaint demonstrates that, rather than a good-faith and sincere effort to invoke this Court's jurisdiction seeking relief for a legally-recognized wrong, the complaint is indecipherable and filed for some improper purpose, as demonstrated by the following opening paragraph:

> For the purpose of this Alien Tort Claim "the CROWN" shall include the following persons; all variations of the person Sheriff's Department, a Department of County of St. Joseph D-U-N-S number: 008645009, all variations of the person St. Joseph County Court, all variations of the person State of Michigan D-U-N-S number: 054698428, the person State Bar of Michigan D-U-N-S number: 087749883, all variations of the person Government of The United States federal corporation doing business as US Government D-U-N-S number(s): 161906193 and/or 052714196 located in District of Columbia as evidenced in 28 U.S.C. 3002(15)(A), all Districts/States (hereinafter "state[s]/State[s]") of the US Government, and the person City of London Corporation[.]

(ECF No. 1 at PageID.1.) The remainder of the complaint contains similar cryptic statements.

Based on the attached exhibits, the complaint appears to be a response to criminal charges for operating a motor vehicle without a valid license and no proof of insurance in St. Joseph County, Michigan. (ECF Nos. 1-6, 1-7, and 1-9.) Plaintiff appears to claim to be a sovereign citizen not of this Earth and not subject to the jurisdiction of the United States, any State, or any political subdivision. In any event, the complaint fails to state a cognizable claim against anyone.

The complaint must also be dismissed where "it lacks an arguable basis either in fact or in law," and it "lacks an arguable or rational basis in fact if it describes fantastic or delusional scenarios." *Abner v. SBC Ameritech*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)) (quotation marks omitted). The instant complaint clearly meets this standard.

## CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint with prejudice for failure to state a claim. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  August 3, 2023                                  /s/ Sally J. Berens
                                                                        SALLY J. BERENS
                                                                        U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).